```
             IN THE UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF ARKANSAS
                       NORTHERN DIVISION
```

HAROLD HAGAR                                              Plaintiff

v.                          1:04CV00090 SWW/HLJ

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                 Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these findings and recommendations in whole or in part.

### DISPOSITION

Defendant has moved to dismiss the complaint as being time barred for failure to commence within 60 days of the notice to Plaintiff of the final decision by the Commissioner of Social Security. Although time has passed, Plaintiff has not responded to Defendant's motion.

The controlling statute, in pertinent part, specifies:

> Any individual, after a final decision of the Secretary made after a hearing to which he was a party, irrespective

>of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. . . .

42 U.S.C. § 405(g).

"No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided."  42 U.S.C. § 405(h).

This timely filing requirement is a statute of limitations and as such will bar suit unless it is tolled.  Bowen v. City of New York, 476 U.S. 467 (1986); Caran v. Bowen, 834 F.2d 720, 721 (8th Cir. 1988).

Defendant has filed the affidavit of an appropriate Social Security Administration official showing that the complaint was filed over ten years outside the allowable time period.  Also attached is a copy of the notice sent to Plaintiff and his attorney at the time after the decision of the Appeals Council.  It specifies the period of time within which a further appeal may be taken.

This is not a case "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'"  Bowen v. City of New York, 476 U.S. at 480.  Indeed, since there are no facts pleaded or issues raised which might toll the statute, this Court is bound to hold that Plaintiff's action was untimely filed and thus barred.  Caran v. Bowen, 834 F.2d at 721.

The Court finds that this action was not timely filed, and it is therefore barred.

Defendant's motion to dismiss (docket #5) is hereby granted.

IT IS SO ORDERED.

DATED this 12th day of January, 2006.

                                                      /s/ Henry L. Jones, Jr.
                                             UNITED STATES MAGISTRATE JUDGE